UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

LCZ ENTERTAINMENT II, LLC.,

                            Plaintiff,

       -against-

PUBLIC BROADCASTING SERVICE, aka, PBS.ORG,
and BRANDON CHOW,

                        Defendants.

———————————————————————— x

Civil Action #:

COMPLAINT FOR
COPYRIGHT INFRINGEMENT

DEMAND FOR JURY TRIAL

## NATURE OF THE ACTION

1.     This is a copyright infringement action, et al., on behalf of plaintiff LCZ

ENTERTAINMENT II, LLC., (hereinafter referred to as "LCZ") against defendant

PUBLIC BROADCASTING SERVICE, aka, PBS.ORG (hereinafter collectively referred

to as "PBS") and defendant BRANDON CHOW pursuing remedies authorized under

State and Federal laws for the unauthorized copying, reproduction, performance, and

distribution of a musical sound recording owned by plaintiff LCZ.

## JURISDICTION AND VENUE

2.     The claims asserted herein arise pursuant to the Copyright Act (17 U.S.C. § 101, et seq.)

et al.

3.     This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 & 1338.

4.     Venue is properly laid in this District pursuant to 28 U.S.C. § 1400.  The acts and conduct

complained herein occurred in substantial part in this District, defendant PBS conducts

business within this District and defendant Chow can be found in this District.

5.      In connection with the acts and conduct alleged in this Complaint, defendants directly

and/or indirectly used the means and instrumentalities of interstate commerce, including

Television, the World Wide Web and/or internet.

PARTIES

6.      Plaintiff  LCZ is a Limited Liability Company organized and existing under the laws of

the State of New York.

7.      At all times mentioned herein, defendant PBS was and still is a business entity,

conducting business within the State of New York, with an office address located at 825

8th Avenue, New York, New York.

8.      At all times mentioned herein, defendant Chow was and still is an individual and based

upon information and belief, resides within this District of the State of New York.

9.      Based upon information and belief, at all times mentioned herein, defendant Chow was

the employee or agent of defendant PBS.

10.     Based upon information and belief, at all times mentioned herein, defendant Chow in

doing the things alleged herein was acting in the course and scope of and in furtherance of

his agency relationship with defendant PBS.

FACTUAL ALLEGATIONS

11.    Plaintiff  LCZ is the owner of the copyright interest in a musical sound recording

composition entitled "Mr. Unknown" (hereinafter referred to as "Mr. Unknown").

12.    On or about March 2, 2016, Mr. Unknown was composed.

13.    On or about March 2, 2016, defendant Chow obtained from the composer, the Mr.

Unknown sound recording.

14.    Defendant Chow was given the limited right to listen to Mr. Unknown and was not given

any right to sell, transfer, perform, etc., any right in and to Mr. Unknown.

15.    Mr. Unknown was registered with the United States Copyright Office, registration

number SRu001408594, effective date of registration was April 8, 2020.

16.    By virtue of a written assignment from the original composer, plaintiff LCZ is the legal

and beneficial owner of the copyright interest in Mr. Unknown.

17.    Defendant Chow works in the mass media industry.

18.    Defendant PBS is a public mass media enterprise primarily within the television network

industry.

19.    Defendant PBS broadcasts shows, movies, etc., through its television stations.

20.    Defendant PBS also broadcasts shows, movies, etc., on its website, apps, mobile and

connected device platforms.

21.    Defendant PBS publishes an internet website, www.pbs.org  which is available and

accessed by members of the general public.

22.    Defendant PBS publishes an internet webpage, www.pbs.org/video/no-single-truth-

e9nsb3 which is available and accessed by members of the general public.

23.    Defendant PBS is responsible for the creation and development of information provided

on the webpages at  www.pbs.org.

24.    Based upon information and belief, defendant Chow participated in the creation and

development of information provided on the webpage at www.pbs.org/video/no-single-

truth-e9nsb3.

25.    Defendant PBS advertises and promotes its services on TV, the internet and through other

mediums.

26.    Defendant PBS via its internet postings and webpages, directs consumers to

www.pbs.org.

27.    During the fall of 2017, plaintiff LCZ discovered that defendant Chow and defendant

PBS copied, reproduced, distributed, performed and made publicly available at

www.pbs.org/video/no-single-truth-e9nsb3 the Mr. Unknown sound recording without

consent or authorization.

28.    The Mr. Unknown sound recording was played and performed in a commercial

advertisement for a documentary entitled "The Vietnam War- No Single Truth",

(hereinafter referred to as "Vietnam Trailer") aired on defendant PBS.

29.    Based upon information and belief, the Vietnam Trailer was created by defendant PBS.

30.    Based upon information and belief, defendant Chow provided and sold for financial gain

the sound recording Mr. Unknown, to an agent, employer, co-conspirator, etc., of

defendant PBS.

31.    Defendant PBS copied Mr. Unknown and incorporated the copyrighted protectable

elements into the Vietnam Trailer.

32.    Substantial similarities exist between Mr. Unknown and the musical score played in

Vietnam Trailer, starting four to five seconds from commencement.

33.    The Vietnam Trailer has been continuously available to the general public via the internet

and defendant PBS's website to the present.

34.    Based upon information and belief, the Vietnam Trailer, has been and, is currently

displayed on various other media technologies in the mass media industry, including

television, mobile, etc.

35.    Based upon information and belief, defendant Chow, individually and/or through his

agents, for financial gain gave a copy of Mr. Unknown to defendant PBS, knowing that

he did not have the right or authority to do so and that such act constituted copyright

infringement.

36.    Defendant Chow and defendant PBS do not have any license, authorization, permission

or consent to copy, reproduce, distribute, perform or make Mr. Unknown available to the

general public.

37.    Defendants copying of Mr. Unknown was wrongful, in degradation of plaintiff LCZ's

rights and in violation of the US Copyright Act.

38.    Plaintiff LCZ is entitled to injunctive relief and redress for defendants' willful, intentional

and purposeful use and exploitation of Mr. Unknown with full knowledge that such use

constituted infringement of, and was in disregard of, plaintiff LCZ's rights.

COUNT I

COPYRIGHT INFRINGEMENT

39.    Plaintiff LCZ repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 38 above, as if fully set forth herein.

40.    Defendants have infringed plaintiff LCZ's copyright in Mr. Unknown in violation of the

Copyright Act, 17 U.S.C. §§ 106 and 501, et seq.

41.    Plaintiff LCZ owns a valid copyright in Mr. Unknown.

42.    Defendants illegally copied the original sound recording entitled Mr. Unknown.

43.    Substantial similarities exist between the protectable elements of Mr. Unknown and the

music score of the Vietnam Trailer.

44.    Defendants are liable as direct, contributory and vicarious infringers.

45.    Defendants induced and encouraged direct infringement by the other defendants.

46.    Defendants profited from direct infringement while declining to exercise a right to stop or

limit it.

47.    Defendants knew or had reason to know of the infringing activity and induced, caused

and materially contributed to the infringing conduct of the other defendants.

48.    Defendants engaged in conduct that encouraged or assisted the infringement.

49.    Defendants had the right and ability to supervise the infringing activity and had a direct

financial interest in the exploitation of Mr. Unknown.

50.    Defendants' acts of infringement are willful, intentional and purposeful, in disregard of

and with indifference to plaintiff LCZ's rights.

51.     Defendants have profited from the wrongful infringement because they were able to reproduce and perform Mr. Unknown in the Vietnam Trailer, to their financial profit and benefit.

52.     Plaintiff LCZ has been deprived of the exclusive right to reproduce and perform Mr. Unknown, sales and has sustained a loss of income and profits.

53.     As a direct and proximate result of said infringement by defendants, plaintiff LCZ is entitled to general, special, actual and/or statutory damages in an amount to be proven at trial.

54.     Plaintiff LCZ is also entitled to defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

55.     Plaintiff LCZ is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

56.     As a direct and proximate result of the foregoing acts and conduct, plaintiff LCZ has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

57.     Plaintiff LCZ is informed and believes and on that basis avers that unless enjoined and restrained by this Court, defendants will continue to infringe plaintiff LCZ's rights in Mr. Unknown.

58.     Plaintiff LCZ is entitled to preliminary and permanent injunctive relief to restrain and enjoin defendants' continuing infringing conduct.

59.     Plaintiff LCZ is entitled to an award of punitive damages because defendants' conduct

was willful, intentional, egregious and/or malicious.


COUNT II.

VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT (DMCA)

60.     Plaintiff LCZ repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 59 above, as if fully set forth herein.

61.     Defendant violated DMCA, 17 USC §1201 & §1202.

62.     Copyright management information (hereinafter referred to as "CMI") existed on Mr.

Unknown when it was obtained by defendant Chow.

63.     Defendants without authority, intentionally removed and/or altered Mr. Unknown's CMI.

64.     The CMI involved herein are, inter alia, the title or identifying information of the work

and composer.

65.     The Vietnam Trailer does not contain the CMI as it originally existed when it was sent to

defendant Chow.

66.     Defendants intentionally removed and altered the CMI from Mr. Unknown prior to

incorporating the musical composition in the Vietnam Trailer.

67.     Defendants knowingly, and with the intent to induce, enable, facilitate, or conceal

infringement, provided and/or distributed false CMI.

68.     Defendants have violated plaintiff LCZ's rights as protected by the DMCA, 17 USC  §

1202, et seq.

69.   Based upon information and belief, defendants circumvented a technological measure as prohibited by 17 USC §1201 (circumvention of copyright protection systems).

70.   Defendants' acts are willful, intentional and purposeful, in disregard of and with indifference to plaintiff LCZ's rights.

71.   As a direct and proximate result of said infringement by defendants, plaintiff LCZ is entitled to general, actual, special, treble and statutory damages in an amount to be proven at trial.

72.   Due to defendants' egregious conduct, plaintiff LCZ is entitled to punitive damages.

73.   Plaintiff LCZ is entitled to defendants' profits attributable to its wrongful conduct and an accounting of and a constructive trust with respect to such profits. If the court finds that the amount of the recovery based on profits is inadequate it is requested to enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.

74.   Plaintiff LCZ is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 1203, and otherwise according to law.

75.   As a direct and proximate result of the foregoing acts and conduct, plaintiff LCZ has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

76.   Plaintiff LCZ is informed and believes and on that basis avers that unless enjoined and restrained by this Court, defendants will continue to infringe plaintiff LCZ's protected rights.

77.   Plaintiff LCZ is entitled to preliminary and permanent injunctive relief to restrain and enjoin defendants' continuing infringing conduct.

WHEREFORE, plaintiff LCZ prays for judgment against defendants, as follows:

A.      General, special, actual, compensatory, punitive and/or statutory damages as may

be found, or as otherwise permitted by law;

B.      An accounting of, and the imposition of a constructive trust with

respect to, defendants' profits attributable to their infringements of plaintiff LCZ's

rights;

C.      A preliminary and permanent injunction prohibiting defendants, and their agents,

servants, employees, officers, successors, licensees and assigns, and all persons acting in

concert or participation with each or any of them, from continuing to infringe plaintiff

LCZ's rights;

D.      Prejudgment interest according to law; and

E.      Plaintiff LCZ's attorneys' fees, costs and disbursements in this action.

        Together with such other and further relief as the Court may deem just and

proper.


JURY DEMAND

Plaintiff hereby demands a jury.

Dated:  Floral Park, New York          Wurzel Law Group, PLLC.
        July 7 , 2020

                                        By: _____
                                              Glenn J. Wurzel
                                        *Attorney for plaintiff LCZ Entertainment II, LLC.*
                                        249-12 Jericho Turnpike, Suite 230
                                        Floral Park,  New York 11001
                                        (516) 481-7617   Ext. 23
                                        Email: gjw@wurzelaw.com